IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.   No. 4:22-CR-00227-JM
      4:25-CV-00086-JM

DARRELL SMITH

### ORDER

Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 41) is DENIED.

First, there is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255. Since Petitioner did not appeal, his one-year expired on June 10, 2024.[1] The motion is dated January 28, 2025, so it is untimely.[2]

Second, the motion is meritless. Defendant argues that his § 922(g)(1) conviction is unconstitutional after the ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[3] The Court of Appeals for the Eighth Circuit has rejected this argument.[4]

IT IS SO ORDERED this 24th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] **Error! Main Document Only.** The Judgment was filed on May 25, 2023. Unappealed federal criminal judgments become final when the time for filing a direct appeal expires. See *Anijulo-Lopez v. United States*, 541 F.3d 814, n.2 (8th Cir. 2008). The time for filing a notice of appeal in a criminal case is 14 days after the entry of the judgment. See Fed. R. Crim. P. 4(b)(A).

[2] Additionally, Defendant provided no reason for equitable tolling of the statute of limitations. See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[3] **Error! Main Document Only.** 597 U.S. 1 (2022).

[4] *United States v. Bull*, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (*per curiam*) (unpublished) ("[W]e have already held that § 922(g)(1) is constitutional.").